UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KAPTAN DEMIR ÇELIK ENDÜSTRISI VE TICARET A.Ş.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 25-cv-00225 |

# COMPLAINT

Plaintiff Kaptan Demir Çelik Endüstrisi ve Ticaret A.Ş. ("Kaptan"), by and through its undersigned counsel, hereby brings this action against the United States ("Defendant"), and alleges and states as follows.

## INTRODUCTION

1. This action challenges the final results of the Department of Commerce ("Commerce") in the 2022 administrative review of the countervailing duty (CVD) order on steel concrete reinforcing bar ("rebar") from Türkiye with respect to one "program" or finding, as set forth below.

2. Specifically, Kaptan challenges Commerce's decision concerning the benchmark for valuing a *gratis* lease from the government of certain unimproved industrial land outside the Black Sea village of Sürmene, about 1,000 km from Istanbul.  As a benchmark, Commerce selected a subset of properties from within a benchmark submitted by petitioners, which consisted of certain improved industrial leases in an "industrial zone" in the Istanbul area. Commerce rejected, as "unreliable," Kaptan's benchmark, even though it was based on more comparable land much closer to Sürmene than petitioners' proposed benchmark. Commerce rejected Kaptan's benchmark on the improper grounds that (i) it was prepared for purposes of

the review, (ii) that Kaptan failed to establish that the properties in the benchmark proffered by petitioners were likely to be in government-owned Organized Industrial Zones, and (iii) that other factors that Kaptan asserted favored Kaptan's benchmark over petitioners' benchmark were insufficient to discredit petitioners' benchmark because Kaptan failed to establish that such factors bore a direct statistical relationship to land values.

3. The foregoing decision was made without the support of substantial evidence and is otherwise not in harmony with law. Kaptan seeks a remand with instructions that Commerce find that Commerce's rejection of the benchmark information provided by Kaptan was unlawful and unsupported by substantial evidence on the record and that Commerce must reconsider its use of the petitioners' benchmark.

## ADMINISTRATIVE DECISION TO BE REVIEWED

4. Paragraphs 1 to 3 are realleged and incorporated herein by reference.

5. Kaptan contests certain aspects of the final results of the CVD administrative review on rebar from Türkiye, published as, *Steel Concrete Reinforcing Bar from the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44,167 (Dep't Commerce Sept. 12, 2025) ("*Final* Results"), and accompanying Decision Memorandum ("Decis. Memo").

## JURISDICTION

6. Paragraphs 1 to 5 are realleged and incorporated herein by reference.

7. Kaptan brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) to contest Commerce's *Final Results* under 19 U.S.C. § 1675. *See Final Results*, 90 Fed. Reg. 44,167. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

**STANDING**

8. Paragraphs 1 to 7 are realleged and incorporated herein by reference.

9. Kaptan is a Turkish producer and exporter of subject merchandise that participated in the review resulting in the contested determination by submitting factual information and legal argument. Accordingly, Kaptan is an interested party within the meaning of 28 U.S.C. § 2631(k)(1), 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), and is a party to the proceeding within the meaning of 28 U.S.C. § 2631(c).

**TIMELINESS**

10. Paragraphs 1 to 9 are realleged and incorporated herein by reference.

11. Commerce published the *Final Results* on September 12, 2025. See *Final Results*, 90 Fed. Reg. 44,167. This action was commenced by the filing of a Summons, on October 10, 2025, within 30 days after the publication of the *Final Results*, and by the filing of this Complaint within 30 days after the filing of the Summons. Thus, this action was timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**STATEMENT OF FACTS**

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this Complaint.

13. Commerce initiated this review by notice published as *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 90,168 (Dep't Commerce Dec. 29, 2023), naming, *inter alia*, Kaptan and its cross-owned affiliates as respondents.

14. Commerce selected Kaptan as a mandatory respondent. Commerce memorandum, "2022 Countervailing Duty Administrative Review of Steel Concrete Reinforcing Bar from the Republic of Türkiye: Respondent Selection" (Mar. 6, 2024), barcode 4522120.

15. Commerce subsequently issued a questionnaire to the Government of Türkiye ("GOT"), "Steel Concrete Reinforcing Bar from the Republic of Turkey: Initial Questionnaire in Countervailing Duty Administrative Review for 2022," barcode 4528450, naming Kaptan as one of the producers/exporters subject to review, *id*. at I-1.

16. Kaptan participated as a mandatory respondent, filing, *inter alia*, the following substantive submissions relevant hereto:

   a. Affiliated parties questionnaire response ("QR"), April 9, 2024.

   b. Initial QR, May 16, 2024.

   c. New subsidies allegation QR, Sept. 17, 2024.

   d. Notice of subsequent authority, Nov. 2, 2024.

   e. Supplemental QR ("SQR"), Nov. 4, 2024.

   f. Benchmark submission for LTAR property valuation, Nov. 7, 2024.

   g. Benchmark rebuttal submission, Nov. 18, 2024.

   h. Pre-preliminary rebuttal comments, Nov. 22, 2024.

   i. Second SQR, Dec. 26, 2024.

   j. Case brief, Jan. 21, 2025.

   k. Rebuttal brief, Feb. 3, 2025.

17. Commerce issued the preliminary results of the review as *Steel Concrete Reinforcing Bar from the Republic of Türkiye: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 100,957 (Dep't Commerce Dec. 13, 2024), accompanied by Commerce's "Decision Memorandum for the Preliminary Results" (barcode 4676882) (Dec. 6, 2024) ("Prelim. Decis. Memo") and by Commerce's "Preliminary Results Calculation" memorandum for Kaptan, barcode 4679165 (Dec. 6, 2024).

18. Commerce issued the final results of the review as *Steel Concrete Reinforcing Bar from the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44,167 (Dep't Commerce Sept. 12, 2025) ("Final Results"), and accompanying Decision Memorandum ("Decis. Memo").

19. In the Final Results, Commerce calculated a countervailable benefit with respect to certain unimproved land that Kaptan's affiliate, Nur Gemicilik, occupied and used for purposes of a shipbuilding operation in Sürmene, Trabzon Province, under a rent-free 49-year lease from a Turkish government entity. Sürmene is about 1000 km distant from Istanbul, and is far removed from the transport and infrastructure hub of the greater Istanbul area.

20. The parties offered two benchmarks for the valuation of the Sürmene lease.

    a. Petitioners submitted a report they found on the Internet, prepared by real estate company Collier's International. The Colliers report provided rental rates for properties in "industrial zones" in the vicinity of Istanbul.

    b. Kaptan provided a report prepared by the Turkish office of international realtors Cushman & Wakefield. The Cushman report provided rental rates for properties in Trabzon, which is the province where Sürmene is located.

    c. Commerce chose to rely solely on the Colliers report for benchmarking, selecting certain "industrial zone" parcels in Çerkezköy, Tekirdağ Province, adjacent to Istanbul, and citing its use of the same benchmark in a previous review. Prelim. Decis. Memo at 12.

21. Kaptan fully briefed the issue of the land benchmark in its case brief.

22. In its final determination, Commerce continued to rely on the Colliers report as a benchmark, Final Decis. Memo at 9-11. Commerce found that the Cushman report was unreliable because it was prepared for purposes of the litigation.

23. Further, Commerce rejected Kaptan's assertion that the benchmark Commerce selected for the final results, namely, the "industrial zone" properties in Çerkezköy proffered by petitioners, was likely to consist of properties in the government-owned Çerkezköy "Organized Industrial Zone ("OIZ"), on the ground that the explicit reference to "industrial zone" in the Colliers report was not definitively a reference to an "OIZ."

24. Further, Commerce found that Kaptan had failed to provide a "quantifiable" difference in such factors as regional gross domestic product, regional international-trade intensity, or proximity to Sürmene as between the Cerkezkoy property proffered by the petitioners and the Trabzon benchmark proffered by Kaptan because Kaptan failed to provide statistics showing a linkage between such data and rental values.

## STATEMENT OF CLAIMS

### COUNT ONE

**Commerce Improperly Rejected The Cushman Report As A
Land Rental Benchmark**

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint.

26. As set forth in paragraph 22 above, Commerce's decision that the Cushman benchmark was intrinsically unreliable because it was commissioned by Kaptan, and therefore could not be used as a benchmark, is unsupported by substantial evidence on the administrative record and is otherwise not in harmony with law.

27. Commerce's further reasons for rejecting the Cushman benchmark, set forth in paragraph 23 above, are unsupported by substantial evidence and otherwise unlawful, insofar as Commerce applied to the respondent a level of proof different from, and more demanding than, the level of proof Commerce applied in its consideration of petitioners' proffered benchmark.

28. Commerce's further reasons for rejecting the Cushman benchmark, set forth in paragraph 24 above, are unsupported by substantial evidence and otherwise unlawful, insofar as they impose an impossible burden on the respondent and constitute a novel test that is inconsistent with precedent and common sense.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court enter judgment as follows:

(A) Enter judgment in favor of Plaintiff;

(B) Hold unlawful Commerce's rejection of the Cushman report;

(C) Direct Commerce to make a determination whether the benchmark in the Cushman report is more comparable to the leased property than the benchmark in the Colliers report and, if so, to recalculate the benefit under the land LTAR program accordingly;

(D) Remand for a redetermination in harmony with the Court's decision; and

(E) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ David L. Simon

David L. Simon
LAW OFFICES OF DAVID L. SIMON, PLLC
1025 Connecticut Ave., N.W., Ste.1000

Washington, D.C. 20036
(202) 236-2417
dlsimon@dlsimon.com

Counsel for Plaintiff

Dated:  October 11, 2025

# CERTIFICATE OF SERVICE

I certify that copies of the complaint in the above-captioned case were served by certified mail, return receipt requested, or email and first class mail(*), on this October 11, 2025, upon each of the interested parties listed below:

| | |
|---|---|
| Attorney-in-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>Room 346<br>26 Federal Plaza<br>New York, New York 10278 | John R. Shane, Esq.<br>Wiley Rein LLP<br>2050 M Street, NW<br>Washington, DC 20036 |
| Director, Civil Division<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20530 | Leah Scarpelli, Esq.<br>ArentFox Schiff LLP<br>1717 K Street, NW<br>Washington, DC 20006 |
| | Cagri Arici<br>Embassy of Turkey<br>2525 Massachusetts Avenue<br>NW Washington DC 20008 |
| Office of the Chief Counsel<br>Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>1401 Constitution Avenue NW<br>Washington, D.C. 20230 | * Atilla Ugur Basbug<br>Government of the Republic of Türkiye<br>Ministry of Trade<br>Söğütözü Mah. Nizami Gencevi Cad. 63/1 06530<br>Çankaya/Ankara, Türkiye |

/David L. Simon/
David L. Simon
Law Offices of David L. Simon, PLLC
1025 Connecticut Ave., NW, Ste 1000
Washington, DC 20036
(202) 481-9000
*Counsel for Plaintiff*

Dated: October 11, 2025