UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| KAPTAN DEMIR ÇELIK ENDÜSTRISI VE TICARET A.Ş., <br><br> *Plaintiff*, <br><br> ÇOLAKOĞLU METALURJI A.Ş. and ÇOLAKOĞLU DIŞ TICARET A.Ş., <br><br> *Plaintiff-Intervenors*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> REBAR TRADE ACTION COALITION, <br><br> *Defendant-Intervenor*. | **Court No. 1:25-cv-00225-GSK** |

## **PLAINTIFF-INTERVENORS' MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2 OF THE RULES OF THE U.S. COURT OF INTERNATIONAL TRADE**

Pursuant to Rule 56.2(c) of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenors Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış Ticaret A.Ş. (collectively, "Çolakoğlu") by and through their attorneys, respectfully move this Court for an Order granting their Motion for Judgment on the Agency Record.

This motion challenges certain aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in the administrative review of the countervailing duty order on steel concrete reinforcing bar ("rebar") from the Republic of Türkiye for the period of review January 1, 2022 to December 31, 2022 (the "POR"), which resulted in Commerce assigning a subsidy rate of 2.43% *ad valorem* to Çolakoğlu, which was a non-selected respondent.  *See Steel*

*Concrete Reinforcing Bar From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44167 (Dep't Commerce Sept. 12, 2025) (P.R. 291) ("*Final Results*"), and accompanying Issues and Decision Mem. (Sept. 8, 2025) (P.R. 286) ("I&D Mem.").

Commerce's *Final Results* are reviewable under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(iii), and 1516a(g)(3)(A)(i).  The U.S. Court of International Trade has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii).

For the reasons detailed in Çolakoğlu's accompanying Brief, which is incorporated into this motion by reference, Commerce's *Final Results* are unsupported by substantial evidence on the record and otherwise not in accordance with law.  The Court should remand Commerce's selection of a benchmark to value Nur Gemicilik ve Tic A.S.'s ("Nur")—Kaptan Demir Çelik Endüstrisi ve Ticaret A.Ş.'s ("Kaptan") cross-owned affiliate—use of state-controlled land rent-free, and direct Commerce to recalculate Çolakoğlu's rate based on any downward adjustments to Kaptan's subsidy rate.

Respectfully submitted,

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro
Matthew M. Nolan
Tyler J. Kimberly

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6000

*Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış Ticaret A.Ş.*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

KAPTAN DEMIR ÇELIK ENDÜSTRISI VE
TICARET A.Ş.,

     *Plaintiff*,

ÇOLAKOĞLU METALURJI A.Ş. and
ÇOLAKOĞLU DIŞ TICARET A.Ş.,

     *Plaintiff-Intervenors*,

  v.

UNITED STATES,

     *Defendant*,

REBAR TRADE ACTION COALITION,

     *Defendant-Intervenor*.

**Court No. 1:25-cv-00225-GSK**

### ORDER

Upon consideration of the Motion for Judgment on the Agency Record submitted by

Plaintiff-Intervenors Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış Ticaret A.Ş. (collectively,

"Plaintiff-Intervenors"), pursuant to Rule 56.2 of the Rules of the U.S. Court of International

Trade ("CIT Rules"), and upon consideration of all other papers and proceedings herein, it is

hereby

**ORDERED** that Plaintiff-Intervenors' CIT Rule 56.2 Motion for Judgment on the

Agency Record is GRANTED; and it is further

**ORDERED** that the final results issued by the U.S. Department of Commerce

("Commerce") in the administrative review challenged in this case, *See Steel Concrete*

*Reinforcing Bar From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44167 (Dep't Commerce Sept. 12, 2025), are reversed and remanded to Commerce for disposition consistent with the opinion of the Court; and it is further

**ORDERED** that Commerce shall re-calculate the subsidy rate assigned to Plaintiff-Intervenors based on any downward adjustments made to the Plaintiff's subsidy margin.

**SO ORDERED**.

_____

The Hon. Gary S. Katzmann, Judge

Date: _____
      New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| KAPTAN DEMIR ÇELIK ENDÜSTRISI VE TICARET A.Ş., <br><br> *Plaintiff*, <br><br> ÇOLAKOĞLU METALURJI A.Ş. and ÇOLAKOĞLU DIŞ TICARET A.Ş., <br><br> *Plaintiff-Intervenors*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> REBAR TRADE ACTION COALITION, <br><br> *Defendant-Intervenor*. | **Court No. 1:25-cv-00225-GSK** |

**PLAINTIFF-INTERVENORS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2**

Jessica R. DiPietro
Matthew M. Nolan
Tyler J. Kimberly

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6000

*Counsel for Çolakoğlu Metalurji A.S. &*
*Çolakoğlu Dis Ticaret A.S.*

May 11, 2026

## TABLE OF CONTENTS

I.      STATEMENT PURSUANT TO CIT RULE 56.2 .............................................................. 2

    A.      Administrative Determination Under Review ........................................................ 2

    B.      Issues Presented ................................................................................................... 2

II.     STATEMENT OF FACTS ................................................................................................. 2

III.    STANDARD OF REVIEW ................................................................................................ 4

IV.     ARGUMENT..................................................................................................................... 5

V.      CONCLUSION.................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Changzhou Wujin Fine Chem. Factory Co. v. United States*,
    701 F.3d 1367 (Fed. Cir. 2012)..................................................................................4

*DuPont Teijin Films USA, LP v. United States*,
    407 F.3d 1211 (Fed. Cir. 2005)..................................................................................4

*Gerald Metals, Inc. v. United States*,
    132 F.3d 716 (Fed. Cir. 1997)....................................................................................4

*Linyi Chengen Imp. & Exp. Co. v. United States*,
    391 F. Supp. 3d 1283 (Ct. Int'l Trade 2019) ...........................................................6

*Mid Continent Nail Corp. v. United States*,
    846 F.3d 1364 (Fed. Cir. 2017)..................................................................................4

*Nippon Steel Corp. v. United States*,
    458 F.3d 1345 (Fed. Cir. 2006)..................................................................................4

*NTN Bearing Corp. v. United States*,
    74 F.3d 1204 (Fed. Cir. 1995)....................................................................................4

*Rhone-Poulenc, Inc. v. United States*,
    927 F. Supp. 451 (Ct. Int'l Trade 1996) ...................................................................5

*Shandong Rongxin Imp. & Exp. Co. v. United States*,
    163 F.Supp.3d 1249 (Ct. Int'l Trade 2016) ..............................................................4

*United States Steel Corp. v. United States*,
    348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ...........................................................5

*Universal Camera Corp. v. NLRB*,
    340 U.S. 474 (1951)...................................................................................................4

**Federal Statutes**

19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(iii), and 1516a(g)(3)(A)(i) ............................2

19 U.S.C. § 1516a(a)(2)(B)(iii)......................................................................................................2

19 U.S.C. § 1516a(b)(1)(B)(i).........................................................................................................4

19 U.S.C. § 1671d(c)(5)..................................................................................................................5

19 U.S.C. § 1671d(c)(5)(A) ....................................................................................................2

19 U.S.C. § 1671d(c)(5)(A)(i) ...............................................................................................3

28 U.S.C. § 1581(c) ...............................................................................................................2

**Administrative Determinations**

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88
    Fed. Reg. 90168 (Dep't Commerce Dec. 29, 2023) (P.R. 12) ......................................3

*Steel Concrete Reinforcing Bar from the Republic of Turkey: Countervailing Duty
    Order*, 79 Fed. Reg. 65926 (Nov. 6, 2014) ...................................................................2

*Steel Concrete Reinforcing Bar From the Republic of Türkiye: Final Results of
    Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44167 (Dep't
    Commerce Sept. 12, 2025), and accompanying Issues and Decision
    Memorandum* ...............................................................................................................2

*See Steel Concrete Reinforcing Bar From the Republic of Türkiye: Preliminary
    Results and Partial Rescission of Countervailing Duty Administrative Review;
    2022*, 89 Fed. Reg. 100957 (Dep't Commerce Dec. 13, 2024), and
    accompanying Preliminary Decision Memorandum ....................................................3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

KAPTAN DEMIR ÇELIK ENDÜSTRISI VE
TICARET A.Ş.,

   *Plaintiff*,

ÇOLAKOĞLU METALURJI A.Ş. and
ÇOLAKOĞLU DIŞ TICARET A.Ş.,

   *Plaintiff-Intervenors*,

 v.

UNITED STATES,

   *Defendant*,

REBAR TRADE ACTION COALITION,

   *Defendant-Intervenor*.

**Court No. 1:25-cv-00225-GSK**

## PLAINTIFF-INTERVENORS' BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rules 24(a) and (c) of the Rules of the U.S. Court of International Trade, and this Court's scheduling orders, *see* Scheduling Order (Jan. 12, 2026), ECF No. 34; Order (Mar. 9, 2026), ECF No. 39; Order (Apr. 27, 2026), ECF No. 42, Plaintiff-Intervenors Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış Ticaret A.Ş. (collectively, "Çolakoğlu") hereby submit their Brief in support of their motion for judgment on the agency record. For the reasons set forth below, Çolakoğlu respectfully requests that the Court reverse the challenged determination of the U.S. Department of Commerce ("Commerce") and remand with instructions for Commerce to recalculate the subsidy rate assigned to Çolakoğlu (as a non-selected respondent) based on any

1

downward adjustment to Kaptan Demir Çelik Endüstrisi ve Ticaret A.Ş.'s ("Kaptan") subsidy rate.

I.    **STATEMENT PURSUANT TO CIT RULE 56.2**

A.    **Administrative Determination Under Review**

The administrative determination under review is *Steel Concrete Reinforcing Bar From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 44167 (Dep't Commerce Sept. 12, 2025) (P.R. 291) ("*Final Results*"), and accompanying Issues and Decision Mem. (Sept. 8, 2025) (P.R. 286) ("I&D Mem."). The period of review ("POR") is January 1, 2022 to December 31, 2022.

B.    **Issues Presented**

Çolakoğlu presents a single issue in this appeal:  Whether, on remand, Commerce should recalculate Çolakoğlu's subsidy rate (i.e., the rate assigned to non-selected companies under 19 U.S.C. § 1671d(c)(5)(A)) based on any downward adjustments to Kaptan's subsidy rate.

Answer: Yes.  Commerce's practice and judicial precedent require Commerce to recalculate the rate it assigns to non-selected companies based on downward adjustments to the rates it calculates for the mandatory respondents in a remand proceeding.

II.    **STATEMENT OF FACTS**

Çolakoğlu is a producer and exporter of steel concrete reinforcing bar ("rebar") from Türkiye, subject to the countervailing duty order at issue. *See Steel Concrete Reinforcing Bar from the Republic of Turkey: Countervailing Duty Order*, 79 Fed. Reg. 65926 (Nov. 6, 2014) ("*Order*").

On November 30, 2023, Çolakoğlu filed an administrative review request for its entries made from January 1, 2022 to December 31, 2022 (the "POR").  *See* Request for Administrative Review (Nov. 30, 2023) (P.R. 2).  On December 19, 2023, Commerce initiated the

2

administrative review at issue. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 90168, 90173 (Dep't Commerce Dec. 29, 2023) (P.R. 12).

On March 6, 2024, Commerce selected Kaptan and Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas") as the mandatory respondents. *See* Respondent Selection Mem. (Mar. 6, 2024) (P.R. 25, C.R. 6). Commerce published the preliminary results in this review on December 13, 2024. *See Steel Concrete Reinforcing Bar From the Republic of Türkiye: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 100957 (Dep't Commerce Dec. 13, 2024) (P.R. 249) ("*Prelim. Results*"), and accompanying Prelim. Decision Mem. (P.R. 240) ("PDM"). For the *Preliminary Results*, Commerce calculated a *de minimis* subsidy rate for Icdas (0.14%) and a 2.54% subsidy rate for Kaptan. *Prelim. Results*, 89 Fed. Reg. at 100958. To calculate the subsidy rate assigned to Çolakoğlu (a non-selected respondent), Commerce relied on 19 U.S.C. § 1671d(c)(5)(A)(i), which prescribes that Commerce will weight average the subsidy rates calculated for the mandatory respondents, "excluding any zero and de minimis countervailable subsidy rates." *See Prelim. Results*, 89 Fed. Reg. at 100958. Since Icdas received a *de minimis* subsidy rate, Commerce relied solely on Kaptan's rate to determine Çolakoğlu's rate. *See Prelim. Results*, 89 Fed. Reg. at 100958.

Commerce published the *Final Results* of this review on September 12, 2025. *See Final Results*, 90 Fed. Reg. 44167. In the *Final Results*, Commerce continued to calculate a *de minimis* subsidy rate for Icdas. *Id*. at 44168. Consequently, Commerce used Kaptan's subsidy rate (2.43%) to determine the 2.43% subsidy rate it assigned to Çolakoğlu. *See id*.

3

## III.    STANDARD OF REVIEW

The Court must remand any determination by Commerce which is "unsupported by substantial evidence on the record" as a whole or is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

When reviewing whether Commerce's actions are unsupported by substantial evidence, the Court assesses whether the agency action is "unreasonable" given the record as a whole. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuPont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (citation omitted). The Court must ensure that Commerce has relied on more than a mere "scintilla" of evidence, *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951), and has not reached a conclusion that is against the "clear weight" of the record evidence, *Shandong Rongxin Imp. & Exp. Co. v. United States*, 163 F.Supp.3d 1249, 1252 (Ct. Int'l Trade 2016) (citation omitted). Commerce must address evidence that detracts from its determination—not just the evidence that it cites as supporting its conclusion. *Universal Camera*, 340 U.S. at 488; *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997).

In addition to following the statute and its regulations, Commerce has a duty to both exercise its discretion in a manner that is reasonable and to avoid arbitrary action. If Commerce abuses its discretion or its decision is arbitrary or capricious, then its determination is not in accordance with law. *See, e.g.*, *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1372 (Fed. Cir. 2017) ("Commerce's decision will {also} be set aside if it is arbitrary and capricious.") (alteration in original) (quoting *Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d 1367, 1374 (Fed. Cir. 2012)); *NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (remanding where Commerce's refusal to accept corrective

4

information constituted an abuse of discretion).  Additionally, this Court has found Commerce's

determinations unlawful "where Commerce has failed to carry out its duties properly, relied on

inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions."  *Rhone-*

*Poulenc, Inc. v. United States*, 927 F. Supp. 451, 454 (Ct. Int'l Trade 1996).

IV.      **ARGUMENT**[1]

If Commerce recalculates the weighted-average subsidy rate for Çolakoğlu as a result of

this litigation, the Court should also require Commerce to revise the rate it assigned to the non-

selected respondent, Çolakoğlu.  Relying on 19 U.S.C. § 1671d(c)(5) for guidance, which

provides instructions for calculating the all-others rate in a countervailing duty investigation,

Commerce has a well-established practice of calculating the subsidy rate for non-selected

respondents in a countervailing duty administrative review based on the weighted average of the

mandatory respondents' rates as long as those rates are above *de minimis* and not based solely on

facts available.  *See Prelim. Results*, 89 Fed. Reg. at 100958.  Accordingly, in this review,

Commerce assigned Çolakoğlu, as a non-selected respondent, the rate that it calculated for

Kaptan—"the only rate that {was} not zero, *de minimis,* or based entirely on facts otherwise

available."  *Id.*

Commerce routinely updates the rate assigned to non-selected respondents to reflect

changes in mandatory respondents' rates that occur during judicial review, regardless of whether

the plaintiff has challenged the all-others rate in its complaint or in remand proceedings.  *United*

*States Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018). When a

party challenges the rate assigned to non-selected respondents in its Rule 56.2 motion for

judgment on the agency record, this Court has instructed Commerce to recalculate the non-

---

[1] Çolakoğlu agrees with and incorporates Kaptan's arguments challenging Commerce's
benchmark selection to value Nur's lease of land.  *See* Kaptan's Brief at 10–21, ECF No. 43.

selected respondents' rate if the rates of the mandatory respondents change due to the litigation. *See, e.g.*, *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283, 1297 (Ct. Int'l Trade 2019) ("Because the court remands the *Final Determination* with respect to Commerce's calculation of Linyi Chengen's rate, as stated above, the court grants the Separate Rate Respondents' Rule 56.2 motions for judgment on the agency record. Commerce is instructed on remand to reconsider the rate applied to the Separate Rate Respondents based on any changes to Linyi Chengen's margin on remand.").

Therefore, if this Court determines—and it should—that Commerce's calculation of Kaptan's rate was not supported by substantial evidence or in accordance with the law, then Commerce's calculation of the rate assigned to Çolakoğlu as a non-selected respondent, which was based entirely on Kaptan's subsidy rate, was likewise unsupported by substantial evidence and otherwise not in accordance with law.   We ask that the Court order Commerce to recalculate the rate for Çolakoğlu.

## V.     **CONCLUSION**

For the reasons set forth above, the *Final Results* issued by Commerce in the administrative review at issue are not supported by substantial evidence and/or are not otherwise in accordance with law.  Çolakoğlu respectfully requests that the Court remand this case to Commerce with instructions to recalculate Çolakoğlu's subsidy rate in a manner consistent with the Court's opinion.

Respectfully submitted,

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro
Matthew M. Nolan
Tyler J. Kimberly

6

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 350.3622

*Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış
Ticaret A.Ş.*

May 11, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's Standard Chamber Procedure 2(b)(1) and the Amended Scheduling Order dated April 27, 2026, the undersigned certifies that Plaintiff-Intervenors' Brief in Support for Their 56.2 Motion for Judgment on the Agency Record filed on May 11, 2026 complies with the word limitation requirement. The word count for Plaintiffs' Brief, as computed by Arent Fox LLP's word processing system is 1,487.

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro

*Counsel for Kaptan Demir Celik Endustrisi ve Ticaret A.S., Çolakoğlu Metalurji A.S. & Çolakoğlu Dis Ticaret A.S.*

1