**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S.,<br>*Plaintiff,*<br>COLAKOGLU DIS TICARET A.S.<br>*Plaintiff-Intervenor,*<br>COLAKOGLU METALURJI A.S.,<br>*Plaintiff-Intervenor*<br>v.<br>THE UNITED STATES,<br>*Defendant,*<br>and<br>REBAR TRADE ACTION COALITION<br>*Defendant-Intervenor* | Case No. 25-00225 |

**PLAINTIFF KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S.'S POST-ARGUMENT BRIEF**

During the October 14, 2026 hearing, the Court offered the parties the opportunity to submit post-hearing briefs. For the reasons set forth below, as well as at the hearing and in prior briefing, Kaptan requests that Commerce's use of the 2022 Colliers Review of real estate trends in Greater Istanbul to determine the value of land in Trabzon eight years earlier be reversed.

## I. The Record Contains No Evidence of the Value of the Nur Leasehold in 2014.

The October 14 hearing confirmed that the Department of Commerce lacks substantial evidence for imposing the CVD margin with respect to the Nur Leasehold, which is located on reclaimed, undeveloped land outside of Trabzon. Commerce confirmed during the hearing that the lease must be valued according to the value of that specific land in 2014. The record, however, contains zero evidence of the value of land in Trabzon in 2014.

Instead, Commerce relies solely on marketing material describing general trends in land in *Greater Istanbul* in *2022*.

General trends in the real estate market in a region 750 miles away, eight years after the relevant year, simply do not create substantial evidence of the land in question. Through the Cushman & Wakefield Report, Kaptan demonstrated that the Colliers Review, which discussed general real estate trends in Greater Istanbul, cannot be used to value reclaimed, non-industrial land in Trabzon, 750 miles away.

As the Cushman & Wakefield Report showed, the average of the 13 available rental listings in Trabzon in 2022 was 5.40 TL/m2, C.R. 255, C&W Report at 28, while the trends for Greater Istanbul relied on by Commerce had values of 70 TL/m2 for second quarter 2022 and 74.80 for fourth quarter 2022. This difference in value shows that reliance on the marketing trends from Greater Istanbul is highly distortive when used to value land in a remote province. *See Ozdemir Boru San. Ve Tic Ltd. Sti. v. United States*, 273 F. Supp. 3d. 1225, 1249-53 (C.I.T. 2017) (rejecting Commerce's use of a benchmark that included land values in Istanbul to determine the value of land in a lesser developed area of Turkey).

Commerce must justify a CVD based on substantial evidence in the record. 19 U.S.C. § 1516a(b)(1)(B)(i) (stating that the CIT "shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by evidence on the record, or otherwise not in

accordance with law."). This Court must reverse and remand Commerce's determination when, as here, substantial evidence in the record does not support Commerce's determination. *Rhone-Poulenc, Inc. v. United States*, 927 F. Supp. 451, 454 (Ct. Int'l Trade 1996); *see also Asociacion Colombiana de Exportadores de Flores v. United States*, 6 F. Supp. 2d 865, 880 (Ct. Int'l Trade 1998).

Put simply, this is a case of zero record evidence supporting Commerce's determination. The Court therefore has two available remedies: 1) simply reverse Commerce and hold the record does not support a finding of any CVD; or 2) reverse with instructions for Commerce to reopen the agency record to determine the value of the actual Nur Leasehold in 2014.

## II. Commerce Has Not Meaningfully Addressed Kaptan's Argument That Greater Istanbul Prices Cannot Be Used to Value the Nur Lease.

Despite numerous remands and administrative reviews raising the same issue, Commerce still has not put forward any evidence showing that real estate trends in Greater Istanbul have even a remote connection to the value of land in Trabzon. Indeed all Istanbul and Trabzon have in common is that they are in the same country – albeit on different continents and different seas.

Commerce has pointed to know authority, and Kaptan has found none, indicating that the fact that two regions are in the same country is a sufficient basis on which to calculate a CVD margin. The evidence in the record (i.e., the differences in rental listings in Trabzon compared to the values stated in the Colliers Review), case law (the *Ozdemir* decision), and common sense all indicate the opposite. The price of industrial land in the largest city in Europe, sitting at the crossroads between Eastern and Western Europe and Europe and Asia, has nothing to do with the price of reclaimed, non-industrial land on the Black Sea, closer to Iran than Istanbul.

Undersigned counsel purchased a home in Midtown Atlanta in 2024 for $300 per square feet. I imagine the price of a house in Midtown Manhattan is significantly more. Prices in one city – particularly an Alpha City – simply cannot be used to value land in other regions. *See CS Wind Malaysia Sdn. Bd. v. United States*, Slip Op. 25-149, 2025 WL 3496986 at *4-5 (C.I.T. Dec. 5, 2025).

**III. Commerce's Use of the 2022 Colliers Review Rather Than 2020 or 2021 Demonstrates How Arbitrary and Capricious The Entire Nur Leasehold Determination Has Been.**

Agency action must be reversed if it is arbitrary and capricious. 5 U.S.C. § 706(2)(A). Agency actions are arbitrary if there has been "a clear error of judgment." *Hyundai Elecs. Indus. Co. v. United States*, 899 F.2d 1204, 1209 (Fed. Cir. 1990).

Commerce steadfastly argued at the hearing that the proper time frame to value the Nur Leasehold is 2014, when it was first granted. Yet in 2020 Commerce used the 2020 Colliers Review, in 2021 Commerce used the 2021 Colliers Review, and in 2022 Commerce used the 2022 Colliers Review. And it did so without even attempting to adjust the various reviews to 2014 prices.

If, as Commerce claims, the relevant year is 2014, there was no need to use 2021 or 2022 Colliers Reviews – 2020 was closer in time. And the use of a new Colliers Review every year had a meaningful impact on the CVD margin. In 2021, the Colliers Review gave land values of 24 TL/m2 in second quarter 2021 and 32 TL/m2 for fourth quarter 2021. (Case No 1:24-cv-00096-GSK, Dkt. No. 65 p. 36 of 38.) In 2022, however, the values in the Colliers Review more than doubled – to 70 TL/m2 for second quarter 2022 and 74.80 for fourth quarter 2022. The 2020 Colliers Review was even lower than the 2021 Review, listing prices at 15 TL/m2 for second quarter 2020 and 19 TL/m2 for fourth quarter 2020 – less than one-third of the 2022 values.

Commerce relied on the higher values contained in the 2022 Colliers Review to calculate the CVD Margin despite claiming that 2014 is the relevant year. It offers no justification for doing so, when the values for Greater Istanbul are more than triple what they were in 2020, two years earlier, according to the Colliers Reviews on which Commerce relies. At best this is arbitrary and capricious.

## IV. Conclusion

When asked for substantial evidence supporting the CVD Margin, Commerce simply argues that it prefers the Colliers Review because it was created independently. That isn't good enough. The record contains zero evidence indicating that the Colliers Review has any bearing whatsoever on the price of land in Trabzon. And Commerce offers no justification for using the 2022 Review to value land in 2014, when earlier Reviews, containing much lower values, are available.

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing submission complies with the 1,500-word limitation established by the Court during the oral argument on October 14, 2026.

This submission contains 1,179 words, as calculated by the word-processing software used to prepare the document.

Respectfully submitted,

*/s/ Daniel L. Delnero*
Daniel L. Delnero
**BGD LEGAL & CONSULTING**
999 Peachtree Street NE, Suite 321
Atlanta, Georgia 30309
Daniel.Delnero@bgdlc.com
(770) 864-7740

Dated: October 23, 2026 *Counsel for Kaptan Demir Celik Endustrisi ve Ticaret A.S.*